IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                    CAUSE NO. 1:18CR133-LG-JCG

**JEFFREY DENNIS MCFARLAND**

## ORDER FINDING DEFENDANT COMPETENT TO STAND TRIAL

**THIS MATTER IS BEFORE THE COURT** to evaluate whether the defendant, Jeffrey Dennis McFarland, is competent to stand trial. After reviewing the two confidential forensic psychological evaluation reports submitted to the Court and considering the testimony, evidence, and argument presented at the competency hearing conducted on October 8, 2020, the Court finds that McFarland is competent to stand trial.

## BACKGROUND

On September 7, 2018, McFarland was indicted for (1) making a false or fictitious oral or written statement in connection with the acquisition of a firearm from a licensed dealer, (2) making a false statement or representation with respect to information required by 18 U.S.C. § 44, and (3) possession of a firearm by a convicted felon. He was arrested on March 11, 2018, and he filed a Notice of Intent to Change Plea to Guilty on May 21, 2019. Just prior to the change of plea hearing, Counsel for McFarland filed a Motion for Competency Exam, which was granted. (Order, ECF No. 30).

McFarland was evaluated by Dr. Jeremiah Dwyer, a forensic psychologist, who opined that McFarland was "sufficiently competent to participate" in the change of plea hearing, should he decide to plead guilty. (Report, at 17, ECF No. 32). However, Dr. Dwyer determined that McFarland would not be competent to stand trial. (*Id.*)

The Court conducted its first competency hearing on January 14, 2020, and determined, based on Dr. Dwyer's report, that McFarland was at that time suffering from a mental disease or defect rendering him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. (Order, ECF No. 33).

McFarland was remanded to the Federal Medical Center in Butner, North Carolina, where he was evaluated by Dr. Evan S. DuBois. In his Forensic Evaluation Report issued on August 17, 2020, Dr. DuBois opined that McFarland is not currently suffering from a mental disease or defect that renders him incompetent to stand trial. Dr. DuBois determined that "[w]hile Mr. McFarland has been reported to have intellectual deficits that are considered to be below average or possibly in the borderline range, these did not appear evident during the evaluation process, other than in regard to his stated inability to read and write." (Report, at 8, ECF No. 34). Dr. DuBois found that McFarland was able to process and utilize information that was verbally provided to him, and McFarland was engaging and cooperative during the evaluation process. (*Id.*)

The Court conducted a second competency hearing on October 8, 2020. The Court admitted the two forensic psychological evaluation reports as exhibits during the hearing. Both the Government and McFarland rested.

## DISCUSSION

When deciding whether a defendant is competent to stand trial, courts must determine "by a preponderance of the evidence" whether "the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d).

> To be deemed competent, the defendant must have the present ability to consult with his lawyer with a reasonable degree of rational understanding and have a rational as well as factual understanding of the proceedings against him. A district court can consider several factors in evaluating competency, including, but not limited to, its own observations of the defendant's demeanor and behavior; medical testimony; and the observations of other individuals that have interacted with the defendant. A defendant who has it within his voluntary control to cooperate, is not incompetent merely because he refuses to cooperate.

*United States v. Simpson*, 645 F.3d 300, 306 (5th Cir. 2011) (internal citations, alterations, and quotation marks omitted).

Based on Dr. Dwyer's report and having no evidence or testimony contradicting the report, the Court finds by a preponderance of the evidence that McFarland is not presently suffering from a mental disease or defect rendering him mentally incompetent. As a result, McFarland is competent to stand trial.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the defendant, Jeffrey Dennis McFarland, is **COMPETENT** to stand trial.

**SO ORDERED AND ADJUDGED** this the 8th day of October, 2020.

                                                    s/ *Louis Guirola, Jr.*
                                                  Louis Guirola, Jr.
                                                  United States District Judge